## DAVIS et al. v. SPURRIER LUMBER CO.

No. 21268. Opinion Filed Oct. 18, 1932.

Henry W. Hoel, for plaintiffs in error.

Wilcox & Swank, for defendant in error.

HEFNER, J. This is an action in replevin brought in the district court of Payne county by the Spurrier Lumber Company, a corporation, against L. C. Davis, Mary Davis, and others to recover possession of a dwelling house located on land in that county. Defense was that the house sought to be replevied was part of the real estate upon which it was erected and an action in replevin would not lie. The trial was to the court and resulted in judgment in favor of plaintiff. Defendants have appealed and assert, among other things, that the judgment is contrary to law.

The evidence shows that the premises upon which the house was built belonged to defendant L. C. Davis; that sometime in the year 1925, he entered into an agreement with his son-in-law, J. E. Thomas, whereby the latter was given permission to build the house in question on the premises. It was agreed that Thomas should live in the house during his lifetime and that upon the death of Davis the land upon which the house was built, together with the house, was to be given to Thomas.

The evidence further shows that, in pursuance of this agreement, the son-in-law built the house and purchased the material therefor from plaintiff. Plaintiff failed to file a materialman's lien on the building. Thomas paid part of the purchase price and thereafter executed his note for the balance. Upon failure to pay the balance, Thomas executed a bill of sale to plaintiff, who then brought this action in replevin.

The facts are undisputed. Thereunder judgment should have been rendered in favor of defendants. Section 8555, C. O. S. 1921 [O. S. 1931, sec. 11730], in part, provides:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it."

In the case of Bond Inv. Co. v. Blakeley (Cal. App.) 257 P. 189, the following rule is announced:

"House erected, with landowner's permission, by his son, for latter's own use, with expectation of eventually becoming owner of land, becomes part of the realty, and cannot be removed."

In the case of Leland, Adm'r, v. Gassett, 17 Vt. 403, the court held that a house built by the son on the land of the father, under circumstances similar to those here involved, became part of the realty and that upon the death of the son, the administrator could not recover the house for the benefit of the creditors of the son. The action there was in trover to recover for conversion of the house as personal property. The court held the action would not lie. See, also, O'Bryon v. Weatherly (Iowa) 205 N. W. 828.

Under these authorities the house in question was part of the real estate and possession thereof could not be recovered by an action in replevin.

Plaintiff relies upon the case of Kay County Gas Co. v. Bryant, 135 Okla. 135, 276 P. 218. That case is not in point. There the improvements sought to be removed were trade fixtures and, under the facts in that case, were placed on the premises with the implied agreement that they might be removed by the person placing them thereon. In the instant case, the facts are to the contrary; the house was built on the premises with the express understanding that upon the death of the owner of the land, title to the land as well as the house was to vest in Thomas. There was no agreement, either express or implied, that Thomas should be permitted to remove the house from the premises. The same may be said as to the other cases cited and relied upon by plaintiff.

Plaintiff introduced evidence to the effect that Davis had made a statement that he had no interest in the house placed upon the premises and that it belonged to his son-in-law; and that he had no objection to his disposing of it. In the absence of a showing that these statements were made under such circumstances as to amount to estoppel, we consider them immaterial. No estoppel is claimed. These statements were made long after the material was purchased and after the note was executed by Thomas in payment for the material. Plaintiff did not in any manner change its position by reason thereof, nor was it in any manner injured or harmed thereby.

Under undisputed facts, the house became part of the realty the moment it was erected on the premises, and the mere declaration of defendant Davis, relied upon by plaintiff, could not operate to sever it from the soil and thus convert it from realty to personalty.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of defendants.

LESTER, C. J., and SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY. CULLISON, and ANDREWS, JJ., absent.